LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
One Concord Center
2300 Clayton Road, Suite 1400
Concord, California 94520
Telephone:   415.882.3290
Facsimile:    415.882.3232
Email: ltownsend@owe.com

Attorney for Plaintiff
DAVID OPPENHEIMER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OPPENHEIMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PLEXUSS, INC., a Delaware corporation<br><br>Defendant. | Case No.  3:21-cv-1422<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant, Plexuss, Inc. ("Plexuss" or "Defendant" or "Defendants"), alleges:

**INTRADISTRICT ASSIGNMENT**

1. Intradistrict assignment is appropriate under local Rule 3-2(c) because this is an Intellectual Property Action.

**THE PARTIES**

2. Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

3. Plexuss is a corporation organized and existing under the laws of the State of California and citizen of the State of California with principal offices located in San Ramon or Walnut Creek, California.

**INTRODUCTORY FACTS**

4. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the two photographs of the University of North Carolina at Asheville that are at issue in this matter (the "Works" **Exhibit 1**).

5. Oppenheimer makes his photographic Works available for perusal and licensing online at his website http://performanceimpressions.com.

6. Plaintiff has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Works and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration and the deposit photograph for the registration certificate, covering the subject photograph of the Oakland federal courthouse, bearing certificate number VAu 1-202-560, issued and effective January 31, 2015.

7. At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registrations and photographic Works. Plaintiff's copyrights in the above-described Works are presently valid and subsisting, were valid and subsisting from the moment of the Works' creation, and all conditions precedent to the filing of this suit have occurred.

8. For many years, it has been Plaintiff's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published or publicly displayed by him, and thereafter. When published or displayed by Plaintiff, the Works at issue in this case prominently displayed the CMI in the caption, with a facial watermark, and/or embedded in the metadata of the Works. Thus, Defendants were on notice that the Works was copyright protected, and they were provided identifying material and means for

contacting Plaintiff to obtain a license.

9. Plaintiff is informed and believes and thereon alleges that all times relevant hereto, each each of the Defendants, named or to be named, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10. Within three (3) years of filing suit, Plaintiff discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by uploading, distributing, and/or publishing (or directing others to do so) his protected image on the website, www.plexuss.com for the purpose of advertising and marketing the legal services of Defendant.

11. The Works were displayed by Defendants on (at least) the following URLs:

https://plexuss.com/college/university-of-north-carolina-at-asheville

https://s3-us-west-2.amazonaws.com/asset.plexuss.com/college/overview_images/2891_University_of_North_Carolina_at_Asheville_UNCA_aerial_3984.jpg

https://s3-us-west-2.amazonaws.com/asset.plexuss.com/college/overview_images/2891_University_of_North_Carolina_at_Asheville_o.jpg

12. Plaintiff's attorney sent a formal letter identifying the infringing URLs demanding Defendant cease and desist from their ongoing infringement, and seeking information about the

uses to which the Works had been put, profits received, and the like.

13. Through several other attempted communications with Defendant, it became clear that Defendant was uninterested in in avoiding litigation through a negotiated settlement, and so this suit was filed.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

14. Plaintiff re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

15. Defendants have non-willfully infringed Plaintiff's copyrights in and to the Works shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

16. Upon information and belief, Defendants have benefitted from infringements of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth in the Title 17.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

17. Plaintiff re-alleges and incorporates paragraphs 1 – 16 above as if recited *verbatim*.

18. Alternatively, Defendants have recklessly/willfully infringed Plaintiff's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing, displaying and/or otherwise using, unauthorized copies of said photograph within in violation of Title 17.

19. As is his pattern and practice, Oppenheimer had clearly marked copies of the Works with his CMI on the face of the Works, in legible captions adjacent to the Works where published, and embedded as metadata within the Works. Oppenheimer's facial CMI consists of visible and legible watermarks and are displayed on the face of the works on each copy that he publishes; CMI

4

in the metadata includes notices of copyright, a declaration stating "All Rights Reserved", and usage licensing instructions in addition to Oppenheimer's address, phone number, email, and the Performance Impressions website URL; and CMI in adjacent captions contain additional notices of copyright. Plaintiff does this to distinguish his Works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title in them.

20. Upon information and belief, one or more of the Defendants, or a third party acting on their behalf, saw Plaintiff's copyright notice on the face of the images prior to scraping it from the World Wide Web, and uploading it to the website. Further, one or more of the Defendants, or someone on their behalf, removed Plaintiff's copyright notice from the face of the Works and/or removed the CMI from within its metadata, before uploading and publishing, displaying, or distributing it. Therefore, because they had the opportunity to appreciate that Plaintiff was the sole author and owner of the Works, and still used them without license or authorization, Defendants recklessly/willfully infringed the Works

21. Upon information and belief, one or more of the Defendants have benefitted from their infringements of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefor, Plaintiff is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

**COUNT III – VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT**

22. Plaintiff re-alleges and incorporates paragraphs 1 – 21 above as if recited *verbatim*.

23. As is his pattern and practice, Oppenheimer had clearly marked the Works with his CMI on the face of the Works, in legible captions adjacent to the Works where published, and embedded as metadata within the Works as alleged above. Oppenheimer does this to distinguish

5

and identify his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title in them from legible facial watermarks, notices of copyright in captions adjacent to the Works where published, and from the metadata within the Works.

24. In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants, or a third party at their behest, intentionally removed the CMI metadata from Plaintiff's Works.

25. Upon information and belief, one or more of the Defendants distributed copies and/or derivatives of Plaintiff's Works knowing that such CMI had been removed, all without authorization.

26. At the time that the CMI was removed from the Plaintiff's Works, and at the time the Works were published, displayed, or distributed having had the CMI removed, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Plaintiff's copyrights.

27. Plaintiff is entitled to and seeks recovery of statutory damages from Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1203(c)(3)(B).

28. Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiff is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

## CAUSATION/DAMAGES

29. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing

revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; research time tracking down and documenting the infringements, research time tracking down and emailing and calling the infringers, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing and service of this complaint, citations, waivers of service and related documents.

## RELIEF REQUESTED

30.     Plaintiff demands an accounting of Defendants' activities in connection with their infringements of his copyrights in and to the above-described and attached Works, as well as disgorgement of profits attributable to the infringing activities, as well as all other benefits realized by Defendants through their infringing activities.

31.     Plaintiff is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringements.

32.     Alternatively, and at Plaintiff's post-verdict election, because the Works were registered prior to Defendants' infringements, Plaintiff is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus costs, including costs and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

33.     Plaintiff is also entitled to recover, and therefore seeks the recovery of actual damages plus any additional profits and/or benefits realized by Defendants through their violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

34.     Alternative to actual damages under the DMCA, at Plaintiff's post-verdict election, and pursuant to 17 U.S.C. §1203(c)(3)(B), Plaintiff is entitled to and seeks to recover statutory damages under the DMCA not less than $2,500 and not exceeding $25,000 for each act committed by Defendants in violation of 17 U.S.C. §1202, plus Plaintiff's Lodestar attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

**Plaintiff DEMANDS JUDGMENT:**

35. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Plaintiff's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the Works, and from using it in marketing or advertising;

36. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images of the Work that infringe Plaintiff's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

37. That Defendants provide an accounting of all gains, profits and advantages derived by him as a result of the willful and unlawful acts of copyright infringement above-described;

38. That Defendants be ordered to pay over to Plaintiff his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

39. In the alternative, and at Plaintiff's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 each for the Works infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

40. That in addition to the above, Defendants be ordered to pay over to Plaintiff actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Plaintiff's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

41. That alternative to actual damages under the DMCA, and at Plaintiff's election after

verdict, Defendants be: 1) ordered to pay to Plaintiff the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from employing, altering, cropping, mutilating or otherwise utilizing Plaintiff's copyrighted images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

42. That Defendants be ordered to pay to Plaintiff all of his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); *and*

43. That Plaintiff recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

Dated: February 25, 2021               LAW OFFICES OF LAWRENCE G. TOWNSEND

                                       *s/Lawrence G. Townsend*
                                       Lawrence G. Townsend
                                       Attorney for Plaintiff
                                       DAVID OPPENHEIMER

**DEMAND FOR JURY JURY**

Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 25, 2021               LAW OFFICES OF LAWRENCE G. TOWNSEND

                                       *s/Lawrence G. Townsend*
                                       Lawrence G. Townsend
                                       Attorney for Plaintiff
                                       DAVID OPPENHEIMER