LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
One Concord Center
2300 Clayton Road, Suite 1400
Concord, California 94520
Telephone:    415.882.3290
Facsimile:     415.882.3232
Email: ltownsend@owe.com

Attorney for Plaintiff
DAVID OPPENHEIMER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OPPENHEIMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PLEXUSS, INC., a Delaware corporation<br><br>Defendant. | Case No. 5:21-cv-01422-EJD<br><br>**OBJECTION RE REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT; DECLARATION OF LAWRENCE G. TOWNSEND** |

I, Lawrence G. Townsend, declare as follows:

1. I am attorney of record for Plaintiff David Oppenheimer, and I make this declaration concerning the Report and Recommendation Regarding Motion for Default Judgment. Having reviewed the Court's Report and Recommendation Regarding Motion for Default Judgment, I wish to apologize to the Court for the unclear and not "up-to-standards" evidence presented in the motion. I also wish to assure that there was no intent to mislead the Court. Where text in the motion was regrettably unclear, if not unintentionally incorrect, it was nevertheless always my intent to show the infringing images as they appeared on Defendant's website, including of course the facial copyright notices on the images. Here is how that intent did not come to fruition.

2. Due to a series of mishaps at the time of filing, the wrong exhibit consisting of a capture

from the Way Back Machine (without the Plaintiff's photographs) ended up being attached to the Oppenheimer Declaration. I had been made aware there were difficulties resizing the image to make it more visible, but I did not become aware that the wrong capture was attached as the exhibit until the morning of the hearing on August 20.  I was dismayed, to say the least, to be presenting evidence for judgment in a copyright case, and not be presenting actual proof that the infringing photographs had actually been copied and used on the defendant's website.

3.   After the hearing, Mr. Oppenheimer captured  the web page from 2018 from the Way Back Machine that showed the infringing photographs clearly and which, in turn, showed the facial copyright notice, as had been intended in the initial filing of the motion. In resubmitting the image of the infringing web page, I also noted that the original Oppenheimer declaration did not actually state that facial notice (watermark) was present at the same time that the CMI metadata had been removed in violation of 17 U.S.C. Section 1202. The original declaration should have contained that recital even though the exhibit – had the correct one been attached – would have clearly shown the copyright notices. When there was no such recital and the erroneous exhibit was attached without the infringing photographs, I understand it was unavoidable that the originally-filed papers could potentially be viewed as intended to mislead. I again apologize to the Court for that entirely unintended consequence. No prompting from the Court was necessary for me to make sure that the supplemental declaration referred to the facial copyright notice while attaching the correct exhibit showing same.

4.   Any implication in the text of the motion that watermarks were removed by defendant (when plainly the correct exhibit shows they were not) was text for which I was responsible. Any such implication was not intended to be made, especially when simultaneously attempting, but not succeeding, to attach the screenshot that clearly shows the two photographs and the two watermarks. Perhaps it's purely an academic point, but my client, as an experienced

photographer, does not consider copyright notice and attribution to be the same thing. Attribution (or "credit") commonly appears separate from the image itself and typically consists of a caption with an acknowledgment of the author of the photograph and implies, if not states, that permission was received to use the image. Copyright notice generally does neither and, further, many copyrights are held by someone other than the author.

5. Plaintiff is not requesting any specific action to be taken as a result of this filing, the Court, of course, being free to act or not act as it sees fit. The clarification of the record and my sincere apology for where that record was not well presented, as set forth above, were the motivating factor.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed in San Rafael, California on September 20, 2021.

Dated: September 20, 2021                    LAW OFFICES OF LAWRENCE G. TOWNSEND

                                             *s/Lawrence G. Townsend*
                                             Lawrence G. Townsend
                                             Attorney for Plaintiff
                                             DAVID OPPENHEIMER

PROOF OF SERVICE

I am a citizen of the United States; employed in the County of Contra Costa, State of California, over the age of eighteen; and not a party to this action. My business address is One Concord Center, 2300 Clayton Road, Suite 1400, Concord, CA 94520.

On September 20, 2021, I served the below listed documents:

**OBJECTION RE REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT; DECLARATION OF LAWRENCE G. TOWNSEND**

by one of the following below listed methods:

PLEXUSS, INC.
231 Market Place, Suite 241
San Ramon, CA 94583

[ X ]   BY MAIL: Such correspondence was deposited, with postage fully prepaid, in a United States Post Office mail box at Concord, California on the same day in the ordinary course of business.

[ ]   BY PERSONAL SERVICE: Such envelope was delivered by hand to the offices of the addressee.

[ ]   BY FACSIMILE: Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

[ ]   BY ELECTRONIC MAIL: Such document was transmitted to the email addresses shown above. Said mail was not marked undeliverable.

[ ]   BY COURIER: Such correspondence was sent via FedEx, priority overnight, for delivery on _____, addressed to _____ as shown above, with charges billed to sender.

I declare, under penalty of perjury, that the foregoing is true and correct and is executed on September 20, 2021, at Concord, California.

_____
Yasmin Alleje